FILED
SUPERIOR COURT
OF GUAM

2021 JAN -4 AM 11: 40

CLERK OF COURT

By: _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>vs.<br><br>**AUSTIN JOSEPH QUITUGUA,**<br>DOB: 02/14/1995<br><br>Defendant. | **Criminal Case No. CF0471-19**<br>**GPD Report No. 19-24266**<br><br><br>**DECISION AND ORDER**<br>**(People's Motion for**<br>**Dismissal Without Prejudice)** |

## INTRODUCTION

This matter came before the Honorable Dana A. Gutierrez on December 15, 2020 for a Further Proceedings hearing. Present via Zoom were Attorney Samuel S. Teker representing Defendant Austin Joseph Quitugua ("Defendant"); Assistant Attorney General Richelle J.T.Y. Canto representing the People of Guam; Probation Officer John Ulloa from the Probation Services Division. Defendant was present with Attorney Teker. At the hearing, both parties requested that the Court address the People's Motion for Dismissal Without Prejudice ("Motion to Dismiss") that was filed on December 7, 2020. The Court heard from each party and took the matter under advisement at the December 15, 2020 hearing. For the reasons set forth below, the Court **GRANTS** the People's Motion for Dismissal Without Prejudice and **ORDERS** the above captioned case **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

Defendant is charged with First Degree Criminal Sexual Conduct (As a First Degree Felony) and three (3) counts of Second Degree Criminal Sexual Conduct (As a First Degree Felony). The charges stem from alleged intentional sexual conduct by Defendant towards a minor victim under the age of fourteen between December 1, 2018 and July 27, 2019. The People filed the Motion for Dismissal Without Prejudice on December 7, 2020. At the December 15, 2020 hearing, the People stated that the victim has relocated off-island and does not wish to pursue charges. Defendant stated that he does not oppose the Motion, and requested that the Court allow the Defendant to file a supplemental statement supporting the dismissal without prejudice from the alleged victim's mother, which the People did not oppose. The Court granted Defendant's request, and Defendant filed a Non-Opposition and Submission of Document in Support of Dismissal with Prejudice ("Defendant's Non-Opposition") on December 16, 2020.

## DISCUSSION

Pursuant to 8 G.C.A. § 80.70(a), "[t]he prosecuting attorney may with leave of court file a dismissal of an indictment, information or complaint and the prosecution shall there upon terminate . . . The prosecuting attorney shall file a statement of his reasons for seeking dismissal[.]" When considering a Motion for Dismissal Without Prejudice brought by the People under 8 G.C.A. § 80.70(a), the Court adopts the "presumption that [the prosecutor] is acting in good faith and in the proper discharge of his duties." *People of Guam v. Gutierrez*, 2005 Guam 19 ¶ 51 (quoting *U.S. v. Greater Blouse, Skirt & Neckwear Contractors Association*, 228 F. Supp. 483, 486 (S.D.N.Y. 1963)).

Here, the People's Motion requests that the Court dismiss the above-captioned case without prejudice pursuant to 8 G.C.A. § 80.70(a) stating that "it would be in the best interest of justice as the victim has relocated off-island and no longer wishes to pursue charges." Mot. to Dismiss (Dec. 7, 2020). Defendant's supporting document signed by the alleged victim's mother states that the alleged victim has relocated out of Guam and requests that the Court dismiss the charges against the Defendant. Defendant's Non-Opposition (Dec. 16, 2020). The Court notes that the record does not reflect any basis for finding the People's Motion was brought in bad faith or is emblematic of any harassment requiring judicial or statutory protection. *See Gutierrez*, 2005 Guam 19 ¶ 49.

Additionally, as noted above, at the December 15, 2020 hearing, both parties requested that the Court address the People's Motion. The People's Motion requested dismissal without prejudice and at the hearing, the Defendant stated that he did not oppose the Motion. Although the Defendant later filed, with the Court's permission and the People's concurrence, a document from the victim's mother entitled, "Non-Opposition and Submission of Document in Support of Dismissal with Prejudice," the Court finds that the matter of dismissal with prejudice was not before the Court at the December 15, 2020 hearing when the matter was addressed. Despite the caption on Defendant's filing which references dismissal with prejudice, at the hearing, Defendant acknowledged that the dismissal is without prejudice and that the People can refile the charges. Min. Entry, at 10:41:10 AM (Dec. 15, 2020). As Guam law generally does not authorize "trial courts to *sua sponte* dismiss indictments with prejudice" when considering an 8 G.C.A. § 80.70(a) Motion, the Court finds that dismissal without prejudice is appropriate. *Id.* at ¶ 69.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** the People's Motion for Dismissal and **ORDERS** the above-captioned case **DISMISSED WITHOUT PREJUDICE** pursuant to 8 G.C.A § 80.70 upon the voluntary dismissal of the People. The Court vacates any conditional release orders and restrictions which Defendant is ordered to follow in this case.

**SO ORDERED** this 4th day of January, 2021.

**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG'S, Teker, S.

Date: 1/4/21 Time: 11:45am

Deputy Clerk, Superior Court of Guam

4